IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Teresa M. Baker, | ) | |
| | ) | Civil Action No. 6:14-cv-240 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Teresa M. Baker ("Baker"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 22).[1] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Baker has filed objections to the Report (ECF No. 23), and the Commissioner has responded to those objections (ECF No. 26). Accordingly, this matter is now ripe for review.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## BACKGROUND

Baker applied for DIB and SSI on August 24, 2010, alleging disability beginning on February 14, 2010. Baker's application was denied initially and on reconsideration. On June 28, 2012, an Administrative Law Judge ("ALJ") heard testimony from Baker and a vocational expert. On July 23, 2012, the ALJ issued a decision denying Baker's claim.

In his decision, the ALJ found that Baker suffered from the following severe impairments: degenerative disc disease of the lumbar spine, foot/toe numbness, and emphysema. (ECF No. 22 at 2). The ALJ found that, despite Baker's limitations, she is capable of performing past relevant work as a server and bartender. (ECF No. 22 at 2). Baker sought review of her case by the Appeals Council. The Appeals Council denied Baker's request for review, making the ALJ's decision the final decision of the Commissioner. This action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative

agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

Baker only filed one specific objection: the ALJ's decision is indefensible because a later ALJ determined that she was disabled. (ECF No. 23). In support of her argument, Baker attached the second ALJ's notice of award. (ECF No. 23-1). The second ALJ found that Baker was disabled as of the day after the first ALJ issued his findings in this case. (ECF No. 23-1 at 1). In her objections, Baker asserts that she did not present any new medical evidence to the second ALJ; in other words, the second ALJ found she was disabled on the same exact record that the first ALJ determined she was not disabled. (ECF No. 23).

The Government argues that Baker waived her right to review on this issue by failing to raise the issue in her initial and reply briefs. (ECF No. 26 at 2–3). The notice of award was issued on September 30, 2014. (ECF No. 23-1 at 1). Baker filed her initial brief on October 2, 2014. (ECF No. 17). Her initial brief did not mention the notice of award. *See* (ECF No. 17). Baker filed her reply brief on December 4, 2014. (ECF No. 19). She again failed to assert that the ALJ's factual determination is indefensible because a second ALJ found her disabled on the same record. *See* (ECF No. 19). In any event, the Fourth Circuit has long held that "as part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992); *see also*

*Martin v. Colvin,* No. 5:13-CV-718-D, 2015 WL 1413428, at *2 (E.D.N.C. Mar. 26, 2015) (noting that "the Fourth Circuit permits such sandbagging in cases where a district judge requests [a Report] from a magistrate judge"); *but see Foster v. BNP Residential Properties Ltd. P'ship*, No. 2:06-CV-2440-PMD-RSC, 2008 WL 512788, at *6 (D.S.C. Feb. 25, 2008) (noting that although the court must consider new arguments about existing claims, the court need not hear new claims). Out of an abundance of caution, the court will construe Baker's claim as a new argument concerning her existing claims she raised to the magistrate judge.

In *Baker v. Comm'r of Soc. Sec.*, the claimant sought a remand of her case "on the basis of a subsequent administrative decision awarding benefits." 520 F. App'x 228, 229 (4th Cir. 2013). The Fourth Circuit stated:

> The subsequent decision pertains to an application for benefits filed by Baker after the date of the unfavorable decision that is the subject of this appeal. "[A] subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under [42 U.S.C.] § 405(g)." *Allen v. Commissioner,* 561 F.3d 646, 653 (6th Cir. 2009). Baker has not met her burden of showing that evidence relied upon in reaching the favorable decision pertains to the period under consideration in this appeal. We conclude that the evidence is not material to the earlier, unfavorable decision.

*Id.*; *see also Mack v. Chater*, 117 F.3d 1414 (4th Cir. 1997) (unpublished) (affirming the ALJ's denial of benefits even though the claimant was awarded disability benefits by a subsequent ALJ). The court finds that the determination letter is not new and material evidence that affects the ALJ's determination.

The court finds that the rest of Baker's objections merely reiterate arguments she raised to the magistrate judge. *See Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that rehashing arguments raised to the magistrate judge does not

4

comply with the requirement to file specific objections). The court finds that the magistrate judge did not commit clear error as to those claims.

## CONCLUSION

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Baker's impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Baker's arguments and properly addressed each in turn, finding them without merit. Having conducted the required de novo review of the issues to which Baker has objected, the court finds no basis for disturbing the Report. Accordingly, the court adopts the Report and its recommended disposition. Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
June 5, 2015